IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARCELO SANDOVAL,

    Petitioner,

v.                                                                   Civil Action No. 2:16cv4
                                                                         (Judge Bailey)

JENNIFER SAAD, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On January 19, 2016, Marcelo Sandoval ("Petitioner") filed a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On February 1, 2016, the Petitioner paid the $5.00 filing fee. The Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction in the United States District Court for the Central District of Illinois. This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

On February 18, 1999, the Petitioner was charged in a three-count indictment with: 1) kidnapping, in violation of 18 U.S.C. § 1201(a)(1); 2) using and carrying a firearm during and in relation to the kidnapping, in violation of 18 U.S.C. §§ 924(c) and 2; and 3) conspiracy to distribute and possess marijuana, cocaine, and methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841 (a)(1) and 846.

---

[1]The Petitioner's original case can be located on Pacer at 99-cr-40019-JBM-1 for the United States District Court for the Central District of Illinois. However, because of the age of the case, docket entries are not available for viewing. Therefore, the factual issues are taken from the petition and from a 60(b)(6) Motion filed in the Central District of Illinois (4:02-cv-4100) and two § 2241 petitions, one filed in the Eastern District of Wisconsin (09-C-928) and one in the Western District of Wisconsin 3-11-cv-00255-bbc)..

On April 5, 1999, the government filed two notices of enhancement, one of which related to the weapons charge and was premised on the Petitioner having knowingly carried, and aided and abetted the caring of, a semiautomatic assault weapon as defined in 18 U.S.C. §§ 921(a)(30)(A) and (C) which was the AA Arms 9 mm handgun. Therefore, under 18 U.S.C. 924(c)(1)(B)(1), if the Petitioner was found guilty, he would be subject to an increased penalty of 10 years in prison.

On July 8, 1999, the Petitioner was convicted on all three counts of the indictment. Regarding the weapons count, the jury was instructed that the government had to prove beyond a reasonable doubt that defendant had committed the crime of kidnapping as charged in count one and that defendant had knowingly used or carried a firearm during and in relation to the kidnapping. Also, the jury was given an aiding and abetting instruction with regard to the weapons count. The jury found petitioner guilty of using or carrying the AA Arms 9 mm handgun during and in relation to the kidnapping; the jury did not find him guilty of using or carrying the Colt .38 caliber super semi-automatic handgun. The Petitioner was sentenced to concurrent terms of 240 months for the kidnapping count and 262 months for the drug conspiracy count and to a consecutive 10-year term on the § 924(c) count.

In 2001, he brought a direct appeal before the Seventh Circuit in which the court considered the question of "whether the classification of a firearm as a 'semiautomatic assault weapon' under 18 U.S.C. § 924(c)(1)(B)(I), is a sentencing factor or an element of the offense (of using and carrying a firearm in connection with a crime of violence or drug trafficking)." United States v. Sandoval, 241 F. 3d 549, 550 (7th Cir. 2001). His appeal was denied. The Supreme Court denied his petition for certiorari.

He filed his first collateral attack in 2002. See Sandoval v. United States, No. 4:02-cv-04100

(C.D. Ill.). Judgment against him was entered in 2003. The Petitioner brought a second 2255 motion in 2013. See Sandoval v. United States, No. 4:13cv-04014 (C.D. Ill.). It was also dismissed. He then brought a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) alleging that he was denied a meaningful opportunity to litigate an issue he raised in his original § 2255 motion. See ECF No. 27, Sandoval v. United States, No.4:02-cv-04100 (C.D. Ill.). The district court for the Central District of Illinois found that the Petitioner was clearly advancing claims that he 1) had either already pursued on direct appeal; 2) were based upon intervening law; and 3) was asserting actual innocence. Therefore, the motion was found to be more like a successive habeas petition or appeal subject to strict jurisdictional requirements under the ADEPA rather than an actual motion for relief from judgment under rule 60(b). The motion was denied on December 15, 2015. Id. at ECF No. 28.

### III. CLAIMS PRESENTED

In his pending 2241 petition, the Petitioner alleges that the district court committed reversible legal error by failing to order the government to hand over all exculpatory and impeachment evidence, and more specifically, evidence showing that he was not in the United States when the alleged kidnapping/firearms violation occurred in violation of his 5th Amendment due process rights and his 6th Amendment jury right. As a second ground in support of his petition, the Petitioner alleges ineffective assistance of counsel. More specifically, he alleges that his counsel was ineffective for intentionally failing to properly and timely investigate his case, for failing to hold the government to its automatic burden to hand over all exculpatory and impeachment material evidence to him within 14-20 days of his arraignment within the meaning of Brady, Giles, and Giglio as required under the United States Local Rules of Criminal Procedure and Rule 16 of the Federal Rules of Criminal Procedure. Finally, the Petitioner alleges that the District Court failed to order the

3

respondents/Government to comply with its automatic obligation to hand over all exculpatory and impeachment material within 14-20 days of his arraignment within the meaning of Brady, Giles, and Giglio, and thus, committed clear or reversible, legal error. For relief, the Petitioner requests that he be re-sentenced without the kidnapping and firearms charges and be released immediately.

## IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254. As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## V. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under Section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to Section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an

4

appropriate use of § 2241, include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 1577676 (D.S.C. May 31, 2007)(internal citations omitted). It clearly does not authorize a Court to order the investigation of alleged wrongdoings in another District Court.

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction

> when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[2]

Id. at 333-34.

Although Petitioner does not raise the savings clause, it is clear that he is not entitled to its application.[3] In the instant case, even if the Petitioner satisfied the first and third elements of Jones, the crimes for which he was convicted remain criminal offenses. Therefore, because the Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## VI. **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE.**

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such

---

[2] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

[3] Petitioner maintains that § 2255 is ineffective because of the newly discovered evidence he cites, ineffective assistance of counsel, all of the mitigating factors cited in his petition, and "structural errors." ECF No. 1 at 9.

objections should be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: April 15, 2016

/s Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE