IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                                    ELKINS


**MARCELO SANDOVAL**,

    Petitioner,

v.                                                                  Civ. Action No. 2:16-cv-4
                                                                    (BAILEY)

**JENNIFER SAAD, Warden**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble [Doc. 10], filed April 15, 2016. In that filing, the magistrate judge recommends that this Court deny petitioner's *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1], filed January 19, 2016.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91,

94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of the filing of the R&R. Petitioner filed a motion for extension of time to file objections [Doc. 13], which this Court granted on June 3, 2016 [Doc. 14]. Petitioner timely filed his Objections [Doc. 16] on May 20, 2016. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. This Court will review the remainder of the R&R for clear error.

I. **Background**

    A. **Trial, Sentence, and Direct Appeal**

On July 9, 1999, following a jury trial in the United States District Court for the Central District of Illinois, petitioner was convicted of three counts: (1) kidnapping, in violation of 18 U.S.C. § 1201(a)(1); (2) using a firearm during and in relation to the kidnapping, in violation of 18 U.S.C. § 924(c); and (3) conspiracy to distribute and possess marijuana, cocaine, and methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846 [Doc. 28 at 1, **Sandoval v. United States**, No. 4:02-cv-04100 (C.D. Ill.)]. The Government had filed two notices of enhancement relating to the weapons charges premised on petitioner having knowingly carried, and aided and abetted the carrying of a semiautomatic assault weapon defined in 18 U.S.C. §§ 921(a)(3)(A) and (C), which was the AA Arms 9mm handgun [Doc. 18 at 2, No. 11-cv-255-bbc (W.D. Wisc.)]. The jury found petitioner guilty of using or carrying the 9 mm handgun during and in relation to the kidnapping, but did not find him guilty of carrying the Colt .38 caliber super semi-automatic handgun [Doc. 18 at 3, No. 11-cv-255-bbc (W.D. Wisc.)]. Petitioner was then sentenced to concurrent terms of 240 months for kidnapping, 262 months for the drug

conspiracy, and a consecutive 10-year sentence on the § 924(c) count [Doc. 3 at 1, *Sandoval v. FCI Oxford*, No. 09-CV-928 (E.D. Wisc.)].

In 2001, petitioner filed a direct appeal to the Seventh Circuit, where that Court considered the question of whether the classification of a firearm as a "semiautomatic assault weapon" under 18 U.S.C. § 924(c)(1)(B)(i), is a sentencing factor or an element of the offense of using a firearm in connection with a crime of violence or drug trafficking. *See* *United States v. Sandoval*, 241 F.3d 549 (7th Cir. 2001). The Seventh Circuit denied his appeal, and the Supreme Court denied his petition for certiorari. *Sandoval v. United States*, 534 U.S. 1057 (2001).

Petitioner then filed two § 2255 motions, which were both dismissed. He also filed a motion pursuant to F. R. Civ. P. 60(b)(6) claiming that he was denied a meaningful opportunity to litigate an issue raised in his original § 2255 motion [Doc. 27, *Sandoval v. United States*, No. 4:02-cv-04100 (C.D. Ill.)]. The Central District Court of Illinois denied this motion, finding the motion was a successive habeas corpus petition or appeal subject to strict jurisdictional requirements under the ADEPA, instead of an actual motion for relief from judgment under Rule 60(b)(6) [Doc. 28, *Sandoval v. United States*, No. 4:02-cv-04100 (C.D. Ill.)].

B. **The Instant Petition**

In the instant § 2241 petition, petitioner first alleges that the District Court of Central Illinois committed reversible legal error by failing to order the Government to disclose all exculpatory and impeachment evidence that could show that petitioner was not in the United States when the alleged kidnapping and firearms violations occurred [Doc. 1-1 at

3

4]. Petitioner's second ground is an allegation of ineffective assistance of counsel, where he claims that his trial counsel failed to hold the Government to its automatic burden to hand over all exculpatory and impeachment material evidence within 14-20 days of arraignment [Id. at 6]. The magistrate judge's R&R recommends that the petitioner's § 2241 motion be denied and dismissed because petitioner has not satisfied § 2255's savings clause, a prerequisite of using § 2241 [Doc. 10 at 6].

In petitioner's objections he argues that he is actually, factually, and legally innocent of the firearm and kidnapping charges, claiming he was out of the United States at the time of the crimes [Doc. 16 at 7]. He attaches flight passenger receipts, travel receipts, probation appointment cards, a pistol receipt, and statements and affidavits attempting to corroborate his innocence [Docs. 16-1–16-16]. He also argues that his sentence has been incorrectly enhanced [Doc. 16 at 11-12]. Petitioner now requests to be re-sentenced without the kidnapping and firearms charges and be released immediately [Id. at 14]. This Court notes that petitioner does not make any arguments relating to his drug conspiracy conviction. This Court agrees with and adopts the magistrate judge's R&R because the petitioner has not satisfied the elements of the § 2255 savings clause.

II. **Applicable Law**

The law is clearly developed that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. ***In re Vial***, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in ***Jones***, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. Based on the language in *Jones*, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

A § 2241 petition is used to attack the manner in which a sentence is executed. A § 2241 petition which challenges a federal conviction and sentence is properly construed as a § 2255 petition. The only exception to this is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. For instance, such relief is available where a prisoner is imprisoned for an offense which is no longer a crime.

The savings clause of § 2255, however, is "confined to instances of actual innocence of the underlying offense of conviction," not "innocence" of a sentencing factor. *Darden v. Stephens*, 426 F.App'x 173, 174 (4th Cir. 2011)(refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

### III.    Discussion

In petitioner's objections, he argues that he is actually, factually, and legally innocent of the kidnapping and firearms charges and that his sentence was improperly enhanced

5

for use of a semiautomatic weapon. This Court will first analyze whether petitioner's § 2241 was properly filed, then will analyze the enhancement and the actual innocence argument.

> **A. Petitioner improperly filed a § 2241 petition because he has not demonstrated that § 2255 is an inadequate or ineffective remedy.**

In order to file a § 2241 petition, the petitioner must demonstrate that § 2255's remedy would be "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. In order to show inadequacy or ineffectiveness, petitioner must satisfy the three elements stated in ***Jones***. Here, even if petitioner could satisfy the first and third elements of the ***Jones*** test, he would still fail the second element because kidnapping and using firearms during kidnapping are still criminal offenses. *See **Jones***, 226 F.3d 333-34. Therefore, petitioner's § 2241 motion cannot be granted.

> **B. Even if petitioner's § 2241 petition was not improper, petitioner's sentence was properly enhanced.**

The Fourth Circuit has "confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction," so sentencing enhancements are not considered within the § 2255 savings clause analysis. *See **Darden***, 426 F. App'x at 174. However, even if this Court were to consider petitioner's argument as a claim that his sentence was improperly enhanced, it is without merit.

In his petition and objections, petitioner argues that his sentence was unlawfully enhanced and he was sentenced to an extra ten years, even though he was found not guilty of carrying the semiautomatic handgun. He was, however, found guilty under 18 U.S.C. § 924(c) of using or carrying the 9 mm handgun in relation to the kidnapping. The statute provides that any person who possesses a firearm in relation to any violent or

6

drug trafficking crime shall be sentenced "to a term of not less than 5 years," in addition to the punishment for the underlying crime. *See* § 924(c)(1)(A); § 924(c)(1)(A)(i). Petitioner's 10 year sentence for possessing a firearm during a kidnapping is a proper sentence because it is not less than 5 years.

### C. Petitioner's argument that he is actually innocent of the crime is without merit.

Petitioner argues that he is actually innocent of the kidnapping and firearms charges. Instead of making facts-supported arguments to prove his innocence, petitioner uses the greater part of his 14-page objections to recite a myriad of case law and conclusory statements that he is actually innocent and that his incarceration is "a miscarriage of justice."

Petitioner also attaches 17 exhibits to his objections. These exhibits purportedly support petitioner's argument that he was not in the United States at the time of the crimes for which he was convicted. The kidnapping and firearms charge were from an incident that occurred in Illinois on November 30, and December 1, 1997. The airline ticket receipts and travel receipts are all dated in August of 1997, and the airline receipt shows that petitioner returned to the United States in August [Docs. 16-1–16-8]. Petitioner also includes letters from family members that state petitioner was in Vallejo, California, from July 17 to July 26, 1997 [Docs. 16-14–16-16]. Because the dates do not coincide, it is clearly obvious that the exhibits do not support any argument that petitioner was not in the United States or Illinois during the time in which the kidnapping and firearms crimes occurred.

7

## IV. Conclusion

Upon careful review of the record, this Court hereby **ADOPTS** Magistrate Judge Trumble's Report and Recommendation **[Doc. 10]** and the petitioner's Objections **[Doc. 16]** are hereby **OVERRULED**. As such, Sandoval's Motion Under 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED and DISMISSED**. Accordingly, this matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk is **DIRECTED** to enter separate judgment in favor of the United States.

It is so **ORDERED**.

The Clerk is directed to mail a true copy of this Order to the *pro se* petitioner and to transmit a copy of this Order to counsel of record.

**DATED**: June 23, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE